IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WEST PENN ALLEGHENY HEALTH
SYSTEM, INC.,

          Plaintiff,

v.

UPMC and HIGHMARK, INC.,

          Defendants.

09cv0480

**ELECTRONICALLY FILED**

## Memorandum Order

**I. Introduction/Background**

This is an antitrust action with a lengthy procedural background, and a factual history dating back several years. On April 21, 2009, Pittsburgh's second-largest hospital system (WPAHS), filed a three count complaint against Pittsburgh's largest hospital system (UPMC), and health insurer (Highmark, Inc.) alleging violations of Sections 1 and 2 of the Sherman Act (doc. no. 1) for alleged anti-competitive and conspiratorial conduct which commenced in 1999. After the first round of Motions to Dismiss were filed by defendants (doc. nos. 38 and 44), on July 31, 2009, the Court conducted a timely Initial Case Management Conference and after extensive discussion of the issues in the case, provided plaintiffs an opportunity to amend its complaint in light of the pending motions to dismiss and ordered plaintiff to file the amended complaint by August 28, 2009. The Court also ordered and encouraged the parties to engage in good faith in the Alternative Dispute Resolution (ADR) process(es) of their choice. After failed attempts at ADR (doc. nos. 75, 99) and several rounds of briefing on a motion to dismiss the original as well as the amended complaints, on October 29, 2009, the Court timely issued its

1

Memorandum Opinion granting defendants' motions to dismiss the amended complaint.

Since that time, the case has been before the United States Court of Appeals for the Third Circuit, and on January 5, 2011, pursuant to the Opinion of the Third Circuit, the Court received the mandate from the Third Circuit reversing in part, vacating in part, and remanding this case for further proceedings (doc. no. 103). On January 13, 2011, defendants filed a consent motion for extension of time to answer complaint (doc. no. 106), and a motion to stay proceedings (doc. no. 107), which this Court granted on the belief that said motions were both consented-to motions (doc. no. 109). After informal conference via telephone with the Court's clerk at which the clerk was advised by defense counsel, and without the filing of a formal motion on the docket by either party, that plaintiff did not in fact consent to a stay of the proceedings, which the Court responded appropriately via its clerk that it did not intend to take any action (since no motion was filed on the docket as of yet), this Court did receive a formal written motion to reopen the case, which this Court promptly granted (doc. no. 114), despite defendant's opposition thereto (doc. no. 113).

Now, both defendants, Highmark and UPMC, seek to stay these proceedings while each of them pursue petitions for writs of certiorari before the United States Supreme Court (doc. nos. 107, 111 and 113). Plaintiff opposes that request, and seeks to move forward with discovery (doc. no. 116).

After careful consideration of the parties positions, the Court finds that a stay is warranted under the circumstances of this case, and therefore, will GRANT defendant's conditional motion to stay (doc. nos. 111).

## II. Applicable Law

It is widely recognized that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). In deciding whether to stay a matter pending the filing of petitions for writs of certiorari, it is incumbent upon the Court to attempt to balance and weigh several factors. Specifically, with regard to this case, the Court must consider whether: (1) it is "reasonably likely" that the Supreme Court will grant Highmark and/or UPMC's petition(s), and if so, whether there is a "fair prospect" that a majority of the Court would decide that the Third Circuit's decision was incorrect; (2) Highmark or UPMC would suffer "irreparable injury" if a stay were to be denied; (3) WPAHS would suffer "substantial injury" if a stay were to issue: and (4) a stay would be in the public interest. *Guarnieri v. Borough*, 2010 WL 3447752 *2 (M.D. Pa. 2010).

While the decision to grant or lift a stay is committed to the sound discretion of the Court, *Bizzarro v. Ocean County*, 2009 WL 3817927 *2 (D.N.J., 2009)(citations omitted), the Court must undertake to analyze each case on an individualized basis. *In re Countrywide Loan, Inc.*, 387 B.R. 4687, 471 (W.D. Pa. 2008)(citing *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991)).

## III. Discussion

After balancing the above factors, and recognizing that no single factor is controlling, *Bizzarro, supra,* the Court finds that under the individual considerations in this case, a stay is warranted.

First, and foremost, the Court agrees with defendants that it is at least "reasonably likely" that the Supreme Court will grant Highmark and/or UPMC's petition(s), given that the decision of our able Court of Appeals appears to create a conflict between the First, Third, and Ninth Circuit Courts of Appeal on the issue of whether a plaintiff can maintain a federal antitrust action based on allegations of lost profits and lost market shares stemming from an alleged vertical pricing agreement, without any allegations of predatory pricing. See *Monahan's Marine, Inc. v. Boston Whaler, Inc.,* 866 F.2d 525 (1st Cir. 1989); *Pool Water Products v. Olin Corp.*, 258 F.3d 1024 (9th Cir. 2001). Further, as defendant Highmark posits, and this Court finds compelling, since 2000, the Supreme Court has granted certiorari in <u>no fewer than</u> twelve (12) cases to address questions of antitrust law, signaling at least a willingness to hear antitrust cases such as this, if not an area of considerable interest of the Supreme Court in recent years.

Moreover, as for the question of whether there is a "fair prospect" that a majority of the Court would decide that the Court of Appeals' decision herein was incorrect, given the statistical information that nearly every antitrust opinion the Supreme Court has issued in the past five (5) years has favored the defendant (see doc. no. 112 at fn. 5 for exhaustive list of Supreme Court decisions), this Court finds that this factor also supports this Court's decision to stay this matter.

The second and third factors involve a balancing of the equities as to the effect a stay of would have on all parties: whether defendants would suffer "irreparable injury" and/or whether plaintiff would suffer "substantial injury." Both defendants <u>and</u> plaintiff make cogent arguments setting forth how each would be damaged, both financially and otherwise, by the respective delay or stay of this matter. This Court is inclined to agree with defendants that given the fact that plaintiff waited nearly seven (7) years to file its claims against defendants, requiring the

4

parties to wait a few more months would not cause plaintiff "substantial injury."

Since the inception of this case, this Court has done everything within its power to move the case along in a fair and efficient matter, and pending the disposition of the writ of certiorari, the Court will continue to follow its practice in this regard. The Court finds it unlikely that a short delay while defendants pursue certiorari would have any material effect on the recollections of potential witnesses. Furthermore, all parties stand to benefit from a stay in the financial sense given the vast resources that would be wasted on <u>both</u> sides were this Court to require the parties to conduct discovery at this time, only for the Supreme Court to accept the case and ultimately dismiss it.

As for the fourth and final factor, the Court finds that a stay would further the public interest. Since the issuance of the Court of Appeals' decision, a related putative consumer class action has been filed against UPMC before this Court. *Royal Mile Company, Inc. et al. v. UPMC et al*, No. 2:10-cv-1609. Plaintiffs in *Royal Mile* claim to represent Highmark subscribers, who are health care consumers (the public), and have brought claims which are nearly identical to those set forth in this litigation. In that case, the Court has already entered an Order staying the matter, based upon defendant's motion and plaintiffs' "lack of opposition" to a stay. 10-cv-1609 at Doc. No. 22. Therefore, a corresponding stay of the instant matter would serve the public interest and it would be judicially economical to coordinate these actions.

## IV. Conclusion

After weighing and balancing the above relevant factors, this Court finds that a stay is warranted, and will thus exercise its discretion to stay all proceedings in this case pending resolution by the United States Supreme Court of defendants' forthcoming petition(s) for writ(s)

of certiorari.

It is HEREBY ORDERED that defendant Highmark's Conditional Motion to Stay (doc. no. 111) is GRANTED.  This matter is STAYED.


**SO ORDERED** this 31st day of January, 2011.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel and Parties