IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WEST PENN ALLEGHENY HEALTH
SYSTEM, INC.,

        Plaintiff,

v.

UPMC,

        Defendant.

09cv0480

**ELECTRONICALLY FILED**

**MEMORANDUM OPINION AND ORDER OF COURT
REGARDING PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION OF
THIS COURT'S ORDER (DOC. NO. 175) UNSEALING PORTIONS OF DOC. NO. 133**

Before the Court is Plaintiff's Motion for Partial Reconsideration of the Court's December 29, 2011 Order (doc. no. 175) which required Plaintiff to file on the docket (and thus make available to the public) a completely unredacted version of its Affiliation Agreement with Highmark (previously filed under seal at doc. no. 132) and a largely unredacted version of the Schedules and Exhibits attached to the Affiliation Agreement (previously filed separately under seal at doc. no. 133). See doc. no. 176.

Plaintiff's Motion for Partial Reconsideration is very narrow in scope. It does not take serious issue with the Court's Order requiring the filing of the Affiliation Agreement in an unredacted format, nor did it take serious issue with the Court's Order requiring that most of the Schedules and Exhibits to the Affiliation Agreement be filed in unredacted format. *Id*. In fact, Plaintiff complied with the December 29, 2011 Court Order (doc. no. 175) (hereinafter "Court Order 175") and filed an unredacted copy of the Affiliation Agreement and all of the Schedules and Exhibits in the format required by Court Order 175, with two exceptions – Schedules 4.15 and 4.15(d). See doc. nos. 177 and 178. Plaintiff did not file Schedules 4.15 and 4.15(d). These

omissions were made with the Court's permission and in accordance with this Court's January 5, 2012 Text Order. See January 5, 2012 Text Order requiring Plaintiff to "fully comply with [Court Order 175], except as to Schedules 4.15 and 4.15(d)."

With respect to Schedules 4.15 and 4.15(d), Plaintiff filed the instant Motion for Partial Reconsideration requesting that this Court revisit those Schedules in light of its overall opinion and ruling on the issue of sealing versus "publishing" the documents at issue. See doc. no. 176. Plaintiff slightly modified its Motion for Partial Reconsideration (see doc. no. 180 – Plaintiff's Motion to Withdraw a portion of its Partial Reconsideration Motion).[1]

Intervenor, PG Publishing Co., ("Intervenor PG") filed a Brief in Opposition to Plaintiff's Motion for Reconsideration (see doc. no. 179). Defendant also filed a Brief in Opposition to Plaintiff's Motion for Reconsideration (doc. no. 181).

Counsel for the parties and Intervenor PG met and conferred on January 6, 2012, in compliance with this Court's January 5, 2012 Text Order, to attempt to resolve the disclosure matters with respect to Schedules 4.15 and 4.15(d). Plaintiff fully disclosed these two Schedules to counsel for Defendant and Intervenor PG as furthered required by this Court's January 5, 2012 Text Order. Unfortunately, counsel for the parties and Intervenor PG could not agree on either of the Schedules' alleged confidentiality. See the Joint Status Report filed at doc. no. 182. Thus, this matter is now ripe for decision.

---

[1] Plaintiff's Motion to Withdraw a portion of its Partial Reconsideration Motion relates to a document Plaintiff filed with the Internal Revenue Service. This document, which was published on Plaintiff's own website, identified several entities (at least one of which, "Premier Medical Associates, P.C.," appears to be a physician group), on Schedule 4.15, as well as the value of Plaintiff's agreement with each of those entities.

## I. Factual History

The Court has previously written a set of facts pertinent to its prior determination on disclosure (Court Order 175, pp. 3-7) and those facts will not be repeated here. Although this Court writes primarily for the parties and Intervenor PG, the recent facts relevant to this decision shall be recited.

Shortly before this Court issued Court Order 175 requiring the complete disclosure of the Affiliation Agreement as well as the disclosure of the vast majority of the Schedules and Exhibits with a few, limited redactions, Intervenor Highmark filed a Notice indicating that it was about to submit the Affiliation Agreement, along with the Schedules and Exhibits, to the Pennsylvania Department of Insurance. See doc. no. 173. Highmark further indicated that prior to submitting the documents it would redact those portions it considered "highly confidential" but would make the submitted documents (in their redacted form) available on their own website. *Id.* The Court, in footnote 12 of Court Order 175, acknowledged Highmark's submission to Pennsylvania's Insurance Department and its posting of the redacted Affiliation Agreement and its Schedules and Exhibits, and noted that much of the material Highmark and Plaintiff had previously regarded (and alleged) as "highly confidential" was no longer confidential. This Court also noted that Highmark failed to set forth the reason(s) much of the previously "highly confidential" information had suddenly become non-confidential. See doc. no. 175, fn 12.

Court Order 175 required Plaintiff to produce the Affiliation Agreement in an unredacted format by January 5, 2012. Court Order 175 also required Plaintiff to produce the Schedules and Exhibits in an unredacted format by January 5, 2012, with the following limited exceptions:

- The license numbers and dates in Schedule 4.8 were to be redacted,

- Items 4, 5, and 6 of Schedule 4.11 were be redacted,

- Schedule 4.13 was to be redacted in its entirety,

- The dollar amounts only in Schedule 4.15 were to be redacted,

- Schedule 4.20(e) was to be redacted in its entirety,

- Schedule 4.20(g) was to be redacted in its entirety,

- The "not-yet-filed" potential cases in Schedule 4.22(a) were to be redacted,

- Schedule 6.3 was to be redacted in its entirety, and

- Exhibit H was to be redacted in its entirety.

On January 4, 2012, Plaintiff filed its Motion for Partial Reconsideration asking that this Court also permit Schedule 4.15 to be redacted in its entirety (instead of merely redacting the dollar amounts), and also requested permission to redact Schedule 4.15(d) in its entirety. Doc. no. 176. As noted above, this Motion for Partial Reconsideration was somewhat modified by Plaintiff in its Motion to Withdraw a portion of the Motion for Partial Reconsideration. Doc. no. 180.

## II. Standard of Review

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See *Howard Hess Dental,* 602

4

F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

**III. Discussion**

The Court is not in the business of allowing a party to produce evidence that it deems helpful for some purpose, and then permit that same party to refuse to produce (or shield from public disclosure) information that is not. Indeed, as discussed at length in Court Order 175, this Court took great pains to weigh the private versus public interests utilizing *Pansy*[2] and its

---

[2] *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994).

progeny when ascertaining which of the Schedules and Exhibits (or portions thereof) should remain under seal. While the Court of Appeals has stressed the importance of the finality of judgments and concluded that reconsideration be granted sparingly, because of the continually evolving disposition of the parties and the shifting relationships between them and the former-Defendant-now-Intervenor, Highmark, this Court is constrained to revisit its prior ruling on this matter with respect to the two Schedules presently at issue.

### A. Schedule 4.15

The Court notes that despite Court Order 175 which permitted Plaintiff to redact the dollar values from Schedule 4.15, Plaintiff's Motion for Partial Reconsideration disclosed those dollar amounts. See doc. no. 176 at p. 3 ("Schedule 4.15 identifies physicians who earn in excess of $500,000 per year and material contracts involving the receipt or payment of $900,000 or more annually."). In addition, as stated in Plaintiff's Motion for Partial Reconsideration, section 4.15 of the Affiliation Agreement which Intervenor Highmark, had already published on its website, indicated that Schedule 4.15 "identifies . . . the physicians . . . [who] earn in excess of $500,000 and that the listed contracts [on Schedule 4.15] involve receipt or payment in excess of $900,000." *Id.* Thus, because Intervenor Highmark chose to post the Affiliation Agreement with these dollar values prior to this Court issuing Court Order 175, this Court finds itself in a position where, if it deems the physicians' salaries to be protectable and the confidential in nature, it must now order redaction the names of the individual physicians instead of the dollar values on Schedule 4.15.[3]

Court Order 175 clearly stated that this Court, after applying the reasoning and guidance set forth in *Pansy* and its progeny, found that redacting limited portions of the Schedules

---

[3] This Court also acknowledges that Court Order 175 requiring the production of the Affiliation Agreement in an unredacted format produced the same result.

(including Schedule 4.15) would "primarily protect[ ] information important to public health and safety, and secondarily protect[] information which this Court has deemed as confidential, personal, or business information." Given the Court's secondary reason for redacting the dollar values of the physician's salaries in Schedule 4.15, and given the publication of these dollar values – first by Intervenor Highmark on its own website, and now, by Court Order 175 requiring the filing of the Affiliation Agreement – the Court finds that to prevent manifest injustice to those physicians listed in Schedule 4.15, it must order the redaction of the names of the individual doctors. The names of the practice groups listed on Schedule 4.15 are not to be redacted unless the name(s) of the individual doctor(s) is/are contained in the name of the practice group. Also, see fn. 1, *supra.*, wherein this Court notes that Plaintiff has already begun to disclose the names of certain practice groups and other entities listed on Schedule 4.15.

For the foregoing reasons, the Court will partially grant Plaintiff's Motion for Partial Reconsideration solely with respect to Schedule 4.15 in the manner set forth above.

**B. Schedule 4.15(d)**

This Court next considers Plaintiff's request that Schedule 4.15(d) be redacted in its entirety. Plaintiff contends that the material contracts listed on Schedule 4.15(d) need to be redacted because those contracts, like the ones West Penn lists on Schedule 4.15 are similarly entitled to be sealed and not made public. This Court disagrees.

As stated above in subpart "A." and in Court Order 175, it is this Court's opinion that the physicians' individual salaries is private interest held by each physician -- not West Penn -- and, when balanced against the public interest in the context of this lawsuit, should remain private. Schedule 4.15(d) does not present any individual physician's salary.

Schedule 4.15(d) contains a list of material contracts, and, (as pointed out by West Penn in its brief in support of its Motion for Partial Reconsideration), the Affiliation Agreement generically describes these contracts as containing "any (i) non-competition restriction, (ii) take-or-pay arrangement or (iii) other term that . . . requires the Business to deal exclusively with a particular party with respect to goods or services." Doc. no. 176, p. 6. As this Court noted in Court Order 175, none of these material contracts are actually attached to Schedule 4.15(d), nor does Schedule 4.15(d) provide any further description of the terms or details regarding these restrictions (*i.e.* time, place, manner, etc.). For these reasons, the Court will deny Plaintiff's Motion for Partial Reconsideration with respect to Schedule 4.15(d).

**IV. Conclusion**

Based on the foregoing law and authority, this Court grants, in part, Plaintiff's Motion for Partial Reconsideration (doc. no. 176) of this Court's December 29, 2011 Order (doc. no. 175). Specifically, this Court will modify its prior December 29, 2011 Order (doc. no. 175), to permit Plaintiff to only redact the individual physicians' names (and any practice group name that is comprised of individual physician(s) name(s)) from Schedule 4.15. All other requested modifications set forth in Plaintiff's Motion for Partial Reconsideration (doc.no. 176) will be denied.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

## ORDER OF COURT

**AND NOW,** this 13th day of January, 2012, **IT IS HEREBY ORDERED** that West Penn's Motion for Partial Reconsideration (doc. no. 176) of this Court's December 29, 2011 Order (Doc. No. 175) ("Court Order 175") is **GRANTED IN PART** in that Court Order 175 is hereby **MODIFIED** as follows:

- The physicians' names (and any practice group name bearing individual physician(s)' name(s)) set forth on Schedule 4.15 shall be redacted instead of the dollar values as per Court Order 175.

All remaining portions of Court Order 175 remain in full force and effect. Plaintiff's Motion for Partial Reconsideration (doc. no. 176) is denied with respect to its request that Schedules 4.15 and 4.15(d) be redacted in their entirety.

Plaintiff shall comply with this Order by noon on January 17, 2012.

**SO ORDERED** this 13th day of January 2012.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record