IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WEST PENN ALLEGHENY HEALTH
SYSTEM, INC.,

        Plaintiff,

v.

UPMC,

        Defendant.

09cv0480
**ELECTRONICALLY FILED**

### MEMORANDUM ORDER OF COURT REGARDING DEFENDANT'S MOTION TO COMPEL AND FOR APPROVAL OF DISCOVERY PLAN (Doc. No. 185)

Before the Court is Defendant's Motion to Compel and for Approval of a Discovery Plan. Doc. no. 185. This case has taken an unusual course in that a former named Defendant, Highmark, Inc., against whom Plaintiff lodged fraud, conspiracy, and collusion allegations,[1] has recently aligned itself with Plaintiff, infusing Plaintiff with capital and other financial and corporate benefits, which resulted in Plaintiff dismissing Highmark as a Defendant.

Subsequent to the dismissal of Highmark, Plaintiff moved this Court to allow Plaintiff to file a Second Amended Complaint wherein Plaintiff indicated it would drop all allegations and claims asserted against Highmark, and would include new allegations against the sole remaining Defendant, UPMC, relating to activities involving an "oncology submarket."

As a result of these highly abnormal circumstances surrounding the dismissal of Highmark, quickly followed by Plaintiff's Motion for Leave to File a Second Amended

---

[1] See, *i.e.*, statements from the Amended Complaint such as: ". . . Highmark systematically tilted the playing field against West Penn Allegheny" and "[i]n Fall 2005, Highmark's Board Chairman admitted point blank to West Penn Allegheny's CEO and Chairman of the Board of Directors that Highmark was colluding with UPMC and that what Highmark was doing with UPMC was 'probably illegal.'" Doc. no. 66, ¶¶ 6, 8.

Complaint, this Court deferred ruling on the Motion for Leave to File a Second Amended Complaint. Rather, the Court opted to Order the parties to engage in **limited** discovery for the sole purpose of allowing the parties to develop a record which would answer questions raised by Fed. R. Civ. P. 15[2] and relevant case law. See doc. no. 152 ("Court Order 152"). To wit, this Court Ordered as follows:

> As more fully discussed at the Status Conference of this date (November 28, 2011), this Court hereby ORDERS that the parties may conduct discovery relating only to the pending Motion for Leave to File a Second Amended Complaint (SAC) (doc. no. 124). Discovery shall commence on February 1, 2012, and shall conclude by March 31, 2012. The ***discovery shall focus on factors relating to*** the granting or denying of the Motion for Leave to File SAC, including ***undue (prejudicial) delay, bad faith, or dilatory motive, as well as the issue of futility***. *Arthur v. Maersk, Inc.* 434, F3d 196, 204 (3d Cir. 2006); see also, *Graham v. Progressive Direct Insurance Co.*, 271 F.R.D. 112, 122 (W.D. Pa. 2010) ("In this Circuit, prejudice to the non-moving party is the touchstone for denial of leave to amend."). Discovery shall not include trial counsel who have entered appearances in this case, nor inside corporate counsel.

Court Order 152, at p. 1. (Emphasis added).

Plaintiff in its Brief in Opposition to the Motion to Compel acknowledges that this Court should freely grant its request to file a Second Amended Complaint **as long as** there is no evidence of undue delay, bad faith or dilatory motive, or futility. Thus, the Court has the duty to first ascertain if any of these factors are present before granting Plaintiff permission to amend its Amended Complaint (hereinafter "FAC"). Given the various statements in Plaintiff's brief, it appears (at least initially) as though Plaintiff would concur with this Court's obligation in this regard.

However, the remainder of Plaintiff's Brief in Opposition to the Motion to Compel outlines all of the reasons why this Court is not in need of any evidence relating to these factors.

---

[2] Federal Rule of Civil Procedure 15 states in pertinent part that, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).

2

This Court disagrees. The FAC was rife with pointed allegations lodged against Highmark, but now, based on the wording of Plaintiff's proposed Second Amended Complaint, Highmark is absolved from any alleged wrongdoing, while UPMC is not, and is, in fact accused of additional unlawful activity.

By way of example, the bad faith component of this Court's "amendment analysis" would typically turn on whether allowing an amendment would cause undue delay and lead to the re-opening of discovery, which in turn could be construed as bad faith. *E.g., Graham v. Progressive Direct Ins. Co.,* 271 F.R.D. 112, 122 (W.D. Pa. 2010) (quoting *Adams v. Gould, Inc.,* 739 F.2d 858, 868 (3d Cir. 1984)); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001); *In re Fritz Cos. Sec. Litig.*, 282 F.Supp.2d 1105, 1109-10 (N.D.Cal. 2003) (quoting *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). However, as noted above, the peculiar and unique circumstances which have led this Court to ordering **limited** discovery prior to ruling on whether amending the FAC is appropriate, may also lead to unusual and uncommon examples of bad faith.

This Court has reviewed Defendant's discovery requests. The Court finds that many of Defendant's requests fail to meet this Court's mandate for narrow and tailored discovery requests aimed at procuring evidence helpful to the Court when determining whether Plaintiff should be permitted to amend its FAC. For this reason, the Motion to Compel will be GRANTED IN PART, in a focused manner as follows; however, the remainder of the Motion to Compel will be DENIED at this time, without prejudice to re-apply to the Court based on whether Defendant finds relevant evidence in the permitted discovery to justify further discovery.

Plaintiff must submit full and complete answers to Defendant only for the following Interrogatories (set forth in doc. no. 185-6), or portion thereof, which this Court has identified below:

- Interrogatory 1;
- Interrogatory 7;
- Interrogatory 8, but only as to Paragraph 2.6(c) of the Affiliation Agreement;
- Interrogatory 11;
- Interrogatory 12; and
- Interrogatory 13.

In addition, Plaintiff must submit full and complete responses and must produce all relevant documents to Defendant only for the following Requests for Production of Documents (set forth in doc. no. 185-4) which this Court has identified below:

- Request for Production 4;
- Request for Production 5;
- Request for Production 6;
- Request for Production 9;
- Request for Production 10;
- Request for Production 11;
- Request for Production 12;
- Request for Production 13;
- Request for Production 14; and
- Request for Production 15, but this Request shall be limited to "the prosecution of this Lawsuit."

# **ORDER**

AND NOW, this 1st day of February, 2012, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Compel Discovery (doc. no. 185) is hereby GRANTED IN PART and DENIED IN PART.

Plaintiff shall answer only the following Interrogatories by NOON on February 15, 2012:

Document No 185-6:

- Interrogatory 1;
- Interrogatory 7;
- Interrogatory 8, but only as to Paragraph 2.6(c) of the Affiliation Agreement;
- Interrogatory 11;
- Interrogatory 12; and
- Interrogatory 13.

In addition, Plaintiff shall submit responses and produce any relevant documents to Defendant by NOON on February 15, 2012:

Document No 185-4:

- Request for Production 4;
- Request for Production 5;
- Request for Production 6;
- Request for Production 9;
- Request for Production 10;
- Request for Production 11;
- Request for Production 12;

- Request for Production 13;

- Request for Production 14; and

- Request for Production 15, but this Request shall be limited to "the prosecution of this Lawsuit."

All remaining portions of Defendant's Motion to Compel are DENIED, without prejudice to re-apply to this Court if, after this focused discovery is complete, Defendant finds relevant evidence and contends additional discovery is necessary.

The parties shall file with this Court a Joint Status Report by NOON on February 16, 2012.

s/ Arthur J. Schwab<br>United States District Judge

cc: All Registered ECF Counsel and Parties