IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WEST PENN ALLEGHENY HEALTH
SYSTEM, INC.,

        Plaintiff,

v.

UPMC.,

        Defendant.

09cv0480

**ELECTRONICALLY FILED**

**MEMORANDUM ORDER DENYING WPAHS' MOTION FOR RECONSIDERATION AND MOTION FOR DISQUALIFICATION (DOC. NO. 191)**

Plaintiff West Penn Allegheny Health System (hereinafter, "West Penn Allegheny" or "WPAHS") (1) moves this Court for reconsideration of its Memorandum Order of Court, dated February 1, 2012 (doc. no. 188) (see also doc. no. 152), permitting very narrow and limited discovery relating to West Penn Allegheny's pending Motion for Leave to File Second Amended Complaint (doc. no. 124), and (2) moves (implicitly, if not explicitly) in a footnote to disqualify this Court, for making "misstatements" (including, "a pair of baffling statements" (doc. no. 191 at 51)), which according to West Penn Allegheny, must be "correct[ed]" "to avoid any possible appearance of bias.  See 28 U.S.C. § 455 (a)."  Doc. No. 191 n.3.

1. Motion for Reconsideration

West Penn Allegheny, through its Motion for Reconsideration/Corrections of Memorandum Order of Court Regarding Defendant's Motion to Compel and for Approval of Discovery Plan (doc. no. 191), is simply re-arguing its prior position on this issue.  See doc. nos. 157 and 176.  West Penn Allegheny argues in the pending Motion for Reconsideration that "[t]here is no basis on the record for the Court to find undue delay, bad faith or dilatory motive,

or futility." Doc. no. 191 at 1. Indeed, there is no "record", because there has been no discovery - - which is the reason the Court ordered the very limited and focused discovery on this issue, as set forth in its Memorandum Order of Court. Doc. No. 188.

The Court ordered (doc. no. 188) only a small fraction of the total discovery requested by UPMC. See Doc. No. 185. Unless the Court had ordered no discovery (which would have been total "win" for West Penn Allegheny), the next, most narrow option was the very limited discovery option chosen by the Court, based upon its intimate knowledge of this case. A careful review of the total discovery requested (doc. no. 185, including about 153 pages of attachments of discovery requests) demonstrates that the discovery ordered by the Court is actually quite narrow and focused.

The purpose of a Motion for Reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010), citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Generally, a Motion for Reconsideration will only be granted on one of the following three grounds: (1) if there has been an intervening change in controlling law; (2) if new evidence, which was not previously available, has become available; or (3) if it is necessary to correct a clear error of law or to prevent manifest injustice. See *Howard Hess Dental,* 602 F.3d at 251, citing *Max's Seafood Café by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

A court may not grant a Motion for Reconsideration when the motion simply restyles or rehashes issues previously presented. *Pahler v. City of Wilkes Barre*, 207 F.Supp.2d 341, 355 (M.D. Pa. 2001); see also *Carroll v. Manning*, 414 Fed. Appx. 396, 398 (3d Cir. 2011) (affirming

denial of "motion for reconsideration and 'petition' in support thereof appears to merely reiterate the allegations made in the . . . petition and does not set forth any basis justifying reconsideration."); and *Grigorian v. Attorney General of U.S.*, 282 Fed. Appx. 180, 182 (3d Cir. 2008) (affirming denial of Motion to Reconsider because it "does nothing more than reiterate the arguments underlying his motion to reinstate the appeal.").

A Motion for Reconsideration "addresses only factual and legal matters that the Court may have overlooked . . . . It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (internal citation and quotes omitted). Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly. *Rossi v. Schlarbaum*, 600 F.Supp.2d 650, 670 (E.D. Pa. 2009).

For the foregoing reasons, the Motion for Reconsideration (doc. no. 191) does not satisfy any of the three possible grounds to grant a motion for reconsideration, and thus said Motion is DENIED.

2. <u>Motion for Disqualification Pursuant to 28 U.S.C. § 455(a)</u>

West Penn Allegheny further complains that the Court made "misstatements" in its earlier Memorandum Opinion and Order of Court (doc. no. 183) relating to another of West Penn Allegheny's Motion for Reconsideration (doc. no. 175) in which the Court granted in part the relief requested by West Penn Allegheny. West Penn Allegheny stated in the pending Motion (doc. no. 191) in footnote 3, as follows:

> The Court has made a worrisome practice of misstating and mischaracterizing West Penn Allegheny's allegations and positions. *See e.g.*, 1/13/12 Order at 1 (Dkt. No. 183) (stating West Penn Allegheny's Motion for Partial Reconsideration "does not take serious issue with the Court's Order requiring the filing of the Affiliation Agreement in an unredacted format, nor did it take serious issue with the Court's Order requiring that most of the Schedules and Exhibits to the Affiliation Agreement be filed in unredacted format."); *cf.* Motion for Partial Reconsideration at 1 (Dkt. No. 176) ("The Court concluded that most of the information in the Affiliation Agreement and its 400-plus pages of schedules and exhibits was already publicly disclosed on Highmark's website and in other public statements. *See* Dkt. No. 175, p.2. West Penn Allegheny disagrees with this and other of the Court's conclusions in its December 28, 2011 opinion, including, but not limited to, its determination that the Affiliation Agreement and all of its schedules and exhibits are relevant to West Penn Allegheny's pending motion to amend and its claims against UPMC."). *See also* 10/29/09 Order at 70 (Dkt. No. 97) (stating West Penn Allegheny asked the Court "to order that the reimbursement rates be the same for West Penn Allegheny and UPMC."); *cf.* Opposition to Motions to Dismiss at 24 (Dkt. No. 86) ("Contrary to Defendants' argument, at no point in the Amended Complaint does West Penn Allegheny ever seek reimbursement at the illegally elevated rates that UPMC received as a result of its conspiracy with Highmark."). West Penn Allegheny respectfully urges the Court to correct its misstatements to avoid any possible appearance of bias. *See* 28 U.S.C. § 455(a).

Instead of appealing this decision (presumably because it was in large part in its favor), as is its right, West Penn Allegheny instead complains that the month-old decision (doc. no. 183) (plus doc. nos. 175 and 188) must be "corrected" by some undisclosed legal procedure - - with no pending motion (as to these decisions) and with no appeal filed. Somehow, the Court is presumably on its own to "correct" its prior decision(s).

It does not serve the public interest, nor the fairness of the judicial process, that every future decision made by the Court (including the decision herein) will be made under West Penn Allegheny's "threat" that any adverse future decision is based upon bias or the appearance of bias - - or that the Court must rule in West Penn Allegheny's favor in order "to avoid any possible appearance of bias. *See* 28 U.S.C. § 455(a)."

If the Court does not submit to the request of West Penn Allegheny to re-write the prior decision (doc. no. 183) to the satisfaction of West Penn Allegheny, then the Court, according to West Penn Allegheny, has failed "to avoid any possible appearance of bias. See 28 U.S.C. § 455(a)."[1] Doc. No. 191 n.3.

As West Penn Allegheny is well-aware, this Court cannot, and in fact, no Court can, properly function under such a threat. Therefore, the Court will DENY the Motion to Disqualify, and STAY this action, until the United States Court of Appeals for the Third Circuit rules on West Penn Allegheny's appeal of this denial of the Motion to Disqualify. In conclusion, the Court believes that its three most recent opinions/orders (doc. nos. 175, 183, and 188 - attached hereto as Exhibits 1, 2, 3) (and all prior decisions in this case) were well-researched, fair, and consistent with applicable law, and do not demonstrate "any possible appearance of bias."

SO ORDERED, this 14th day of February, 2012

\s Arthur J. Schwab
Arthur J. Schwab
United States District Court Judge

cc: All Registered ECF Counsel and Parties

---

[1] Whenever a judge's impartiality "might reasonably be questioned" in a judicial proceeding, 28 U.S.C. § 455(a) requires that the judge disqualify himself or herself. *In re Kensington Intern. Ltd.,* 368 F.3d 289, 301 (3d Cir. 2004). Under § 455(a), the test for recusal, is whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned. *Id.*, citing *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir. 1993). "Under § 455(a), if a reasonable [person], were he[/she] to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse ." *Id.* at 301-302, quoting *In re Prudential Ins. Co. of America Sales Practices Litigation*, 148 F.3d 283, 343 (3d Cir.1998) (internal quotations omitted).